# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:22-CR-00138-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| HAMZEH JAMAL ALASFAR | ) |
| TAYSEER ISSAM ALKHAYYAT, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT ON** Defendants' Motion to Dismiss Count One as Time-Barred, which the United States opposes. (Doc. Nos. 36, 39). Having carefully considered the Motion, the Court will deny the Motion for the reasons discussed below.

## I. BACKGROUND

On May 18, 2022, the United States indicted the Defendants in a three-count Bill of Indictment. *See* Doc. No. 1.[1] Relevant to this Motion, Count One charges the Defendants with Conspiracy to Defraud United States Wireless Carriers using the Mail and Transport Stolen and Fraudulently Obtained Goods in Interstate Commerce in violation of 18 U.S.C. § 371 and 18 U.S.C. §§ 1341 and 2314. *See* Doc. No. 37 ¶ 16. Count One alleges that the Defendants conspired to commit these offenses beginning "as early as 2013 and continuing thereafter until in or about

---

[1] Defendants' Motion to Dismiss addresses Count One of the original Indictment. (*See* Doc. No. 1). However, this indictment was superseded by the grand jury on January 18, 2023, (*See* Doc. No. 37), to include mail fraud in violation of 18 U.S.C. § 1341 as an additional object of the 18 U.S.C. § 371 conspiracy alleged in Count One. *Id*. Count One still alleges that the conspiracy began "as early as 2013 and continuing thereafter until in or about January 2020 . . ." *Cf*., Doc. No. 1 ¶ 11 with Doc. No. 37 ¶ 16. Therefore, the Motion's argument is equally as applicable to the superseding indictment as to the original indictment and the Court will rule on it.

1

January 2020." *Id*. The Defendants now move to dismiss Count One, to the extent it alleges conduct occurring before May 18, 2017, arguing that the statute of limitations bars prosecution of any conduct prior to that date. *See* Doc. No. 36.

## II. LEGAL STANDARD

Under Rule 7 of the Federal Rules of Criminal Procedure, an indictment must include "a plain, concise and definite written statement of the essential facts constituting the offense charged..." Fed. R. Crim. P. 7. An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecution of the same offense." *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002). "If an indictment does not contain every essential element of the offense, it is invalid." *United States v. Loayza*, 107 F.3d 257, 260 (4th Cir. 1997).

A defendant may, before trial, "raise a motion alleging a defect in the indictment, including its failure to comport with the applicable statute of limitations." *United States v. Magalnik*, 160 F.Supp. 3d 909, 913 (W.D.Va, April 10, 2015) (citing Fed. R. Crim. P. 12(b)(3)(B)). When considering such a motion, a court must accept all allegations in the indictment as true and should regard the indictment in a "practical," rather than "purely technical," manner. *United States v. Matzkin*, 14 F.3d 1014, 1019 (4th Cir. 1994); *see United States v. Terry*, 257 F.3d 366, 371 (4th Cir. 2001) (King, J., concurring) ("It is elementary that a motion to dismiss implicates only the legal sufficiency of [the indictment's] allegations, not the proof offered by the Government."). To warrant dismissal, a defendant must show that the indictment's allegations, "even if true, would not state an offense." *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004).

2

### III. DISCUSSION

Count One charges the Defendants with violating the federal conspiracy statute, 18 U.S.C. § 371. This statute criminalizes two categories of conduct: first, a conspiracy to commit a substantive offense otherwise proscribed by federal law, and second, a conspiracy to defraud the United States or its agencies. *See United States v. Vogt*, 910 F.2d 1184, 1200 (4th Cir. 1990); *Magalnik*, 160 F.Supp. 3d at 914. A conspiracy charged under § 371 is subject to a five-year statute of limitations unless a different period is provided by law. *See* 18 U.S.C. § 3282 ("[e]xcept as otherwise expressly provided by law, no person shall be prosecuted...for any offense...unless the indictment is found...within five years next after such offense shall have been committed."); *United States v. Head*, 641 F.2d 174, 177 (4th Cir. 1981).[2] It is well-settled that, in order to obtain a § 371 conviction, the United States must prove at trial that an overt act in furtherance of the charged conspiracy occurred within the applicable statute of limitations period. *Head*, 641 F.2d at 177; *see also United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1398 (4th Cir. 1993). In this case, the indictment clearly alleges overt acts within five years of the grand jury's return. Specifically, it alleges numerous overt acts in 2019, which fall well within the five-year statute of limitations. *See* Doc. Nos. 37 ¶ 25(b) – (h); Doc. No. 1 ¶ 17(b)-(j). Accordingly, on its face the indictment alleges facts sufficient to state an offense within the statute of limitations.

Attempting to escape this straightforward conclusion, the Defendants note an apparent gap in any alleged offense conduct from 2015-2016.[3] *See* Doc. No. 36 p. 4. The Defendants contend this "gap" prevents the United States from "claiming a conspiracy continued to exist over two-

---

[2] The parties agree that the applicable statute of limitations is five-years. *See* Doc. Nos. 36, 39.
[3] The Defendants qualify this assertion, stating that the "defense is still in the process of reviewing the voluminous discovery, including downloads of multiple phones and computers…[but] the [initial] discovery review indicates a gap." *See* Doc. No. 36 p. 4.

3

plus years of no offense conduct." *Id*. Even if there was a gap in the alleged offense conduct,[4] this lull does not require dismissal. Confronted with a similar question, the Third Circuit held that a conspiracy "is a continuing offense and a jury may consider each and all of a defendant's actions in furtherance of the conspiracy so long as the indictment is brought within five years of the last overt act." *See United States v. Amirnazmi*, 645 F.3d 564, 592-93 (3d Cir. 2011) (citing *United States v. Jake*, 281 F.3d 123, 130 n. 6 (3d Cir.2002)). Therefore an interlude "sandwiched between" two periods of concerted unlawful activity does not turn one lengthy conspiracy into two separate short conspiracies. *Id*. at 594. This Court agrees. Accepting all allegations in the indictment as true, the United States has alleged that the Defendants engaged in a continuous conspiracy between 2013 and 2020 to defraud United States wireless carriers using the mail and to transport stolen and fraudulently obtained goods in interstate commerce. If the United States fails to offer sufficient evidence to support this allegation, the Defendants may move for a judgment of acquittal and/or offer a statute of limitations affirmative defense. *See United States v. Smith*, 568 U.S. 106 (2013); Fed. R. Crim. P. 29. That said, dismissal at this stage is unwarranted.

**NOW THEREFORE IT IS ORDERED THAT** Defendants' Motion to Dismiss Count One as Time-Barred, (Doc. No. 36), is **DENIED.**

Signed: January 30, 2023

Kenneth D. Bell
United States District Judge

---

[4] The United States disputes this assertion. *See* Doc. No. 39. The United States represents that it intends to introduce WhatsApp conversations between Defendants in 2015 and 216 that reference, among other topics: lists of "locked" cellular phones, the address for a freight logistic services center at the Dubai airport, their price list for opened and sealed iPhones, and "T-Mobile blocked (fraud)" devices. *See id*. at p. 5.

4