**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CRIMINAL ACTION NO. 3:22-CR-00138-KDB-DSC**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **HAMZEH JAMAL ALASFAR** | ) | |
| **TAYSEER ISSAM ALKHAYYAT,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the Defendants' Motion to strike as surplusage multiple paragraphs from the Superseding Indictment, which the United States opposes. (Doc. Nos. 47, 59). The Court has reviewed the Motion, the parties' briefs, and other relevant pleadings of record. For the reasons discussed below, the Court will deny the Motion.

## I.    BACKGROUND

In May 2022, a federal grand jury returned a Bill of Indictment against the Defendants alleging one count of conspiracy to commit Interstate Transportation of Stolen Property ("ITSP") and two substantive counts of ITSP. *See* Doc. No. 1. The grand jury issued a Superseding Bill of Indictment which added: (1) mail fraud as an object of the conspiracy; (2) a new substantive ITSP violation; (3) a money laundering conspiracy count; and (4) two substantive money laundering counts. *See* Doc. No. 37. The Defendants have now moved to strike certain paragraphs from the Superseding Indictment arguing that they are unnecessary and prejudicial. The Motion is fully briefed and ripe for the Court's consideration.

Case 3:22-cr-00138-KDB-DSC   Document 66   Filed 02/14/23   Page 1 of 7

## II.    LEGAL STANDARD

Rule 7(c)(1) provides that "[t]he Indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). The Court may on "the defendant's motion…strike surplusage from the Indictment or information." Fed. R. Crim. P. 7(d). When striking surplusage, courts may only strike allegations that are not "relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006). Indeed, "[t]he test is conjunctive; thus, information that is prejudicial, yet relevant need not be struck, nor should information that is irrelevant but not prejudicial." *United States v. Osborne*, 2010 U.S. Dist. LEXIS 21801, 2010 WL 582594 (W.D.N.C. 2010).

Given this "most exacting standard," courts have recognized that "[m]otions to strike surplusage are rarely granted." *United States v. Gerard*, No. 3:16-cr-270-MOC, 2018 U.S. Dist. LEXIS 146772, at *1 (W.D.N.C. Aug. 29, 2018) (citations omitted). This is especially true because a jury instruction that an indictment is not evidence is typically an adequate safeguard against undue prejudice. *Williams*, 445 F.3d at 734. A detailed indictment is also useful in cases involving complex schemes. *United States v. Hartsell*, 127 F.3d 343, 353 (4th Cir. 1997) ("[T]hese [introductory and background] paragraphs are useful and accurate descriptions of the complex legal scheme").

## III.    DISCUSSION

The Defendants have asked the Court to strike paragraphs five through eleven, thirteen, and twenty-one from the Superseding Indictment because they "do not describe the means or methods the defendants allegedly [used to commit] the crime…[but] instead are purported

descriptions of the business strategies and practices of the Carriers." The Court will address each paragraph in turn.

A. Paragraphs Five, Six, Seven, Ten, and Twenty-One

The Defendants seek to have these "background" paragraphs stricken because they do not "contain allegations of conduct by the defendants" and are therefore "unnecessary to [the] notice pleading" requirements. The United States contends that these paragraphs are necessary to understand the context and circumstances that gave rise to the alleged fraud. Moreover, the United States represents that witnesses from GSMA[1], Verizon, AT&T, and T-Mobile will testify to the facts in these paragraphs. *See* Doc. Nos. 52-54, 56, 59.

Having reviewed these paragraphs, the Court finds that they provide background information that may assist the jury and do not prejudice the Defendants. In their Motion the Defendants identify no potential prejudice that may flow from these paragraphs that appear to simply state uncontroverted information related to the sale, purchase, and financing of iPhones. The Defendants may think these paragraphs are "unnecessary" but that does not make them prejudicial. Accordingly, the Court will deny the Motion as to these paragraphs.

B. Paragraph Eight

Paragraph Eight of the Superseding Indictment reads:

> Software used to unlock iPhones and other cellular devices is proprietary to the carrier that issued the device. "Unlocking" a cellular device is the process of disabling the proprietary locking software and thereby allowing the phone to be used on other cellular networks rather than exclusively on the issuing wireless carrier's cellular network. An unlocked phone will work with any wireless carrier, whereas a locked phone will only work on the cellular network of the wireless carrier that financed the phone. Ultimately, a locked current model iPhone is evidence of an unfulfilled financing contract

---

[1] GMSA is a non-profit industry organization that represents the interests of cellular network operators worldwide. *See* Doc. No. 52-1.

*See* Doc. No. 37 ¶ 8. The Defendants move to strike this paragraph because the last line is prejudicial and misleading. They argue that "the government should not be allowed to draft an indictment that flat out tells a jury what is evidence of what." *See* Doc. No. 47. The United States retorts that, when read in context, this paragraph "alleges that any person—especially someone in the business of selling mobile devices like the Defendants—would have reason to know that a person selling a new iPhone that is locked to a particular carrier has not repaid the financing contract in whole or in part." *See* Doc. No. 59. The United States also asserts that witnesses from Verizon, AT&T, T-Mobile, and GSMA will testify to these facts, and they will introduce text messages showing that "unlocking" was an essential step in the Defendants' scheme to defraud.

The Court finds that this information is neither irrelevant nor misleading. It goes directly to the alleged fraud and to whether the Defendants knew or should have known that the iPhones were allegedly stolen. Therefore, even if it is prejudicial, the Court may not strike it. Any potential undue prejudice that may result from the use of the word "evidence" will be remedied by the Court's standard limiting instruction that instructs the jury that the indictment is not evidence. *See Williams*, 445 F.3d at 734. The Court will therefore deny the Motion as to this paragraph.

C. <u>Paragraph Nine</u>

Paragraph Nine of the Superseding Indictment reads:

> However, iPhones can also be unlocked through third parties who illegally unlock the device through the phone's International Mobile Equipment Identity (IMEI) number, without the consent of the wireless carrier. Third parties that successfully unlock iPhones without the wireless carrier's consent do so using illegitimate means and often charge a fee for the unlocking service.

*See* Doc. No. 37 ¶ 9. The Defendants contend that this paragraph is inaccurate and therefore misleading. The Defendants maintain that while "prior to 2014 the Library of Congress opined that the Digital Millennium Copyright Act made it unlawful to unlock a cell phone, Congress

4

passed the 'Unlocking Consumer Choice and Wireless Competition Act' (S.517) into law, which effectively allowed consumers to unlock their phones." *See* Doc. No. 47. The United States responds that the Unlocking Act does not protect the Defendants or their unlocking coconspirators because they were allegedly unlocking devices to resell at a profit. The Court agrees.

The Unlocking Act was enacted to restore an expired exemption under the Digital Millennium Copyright Act, which exempted from liability consumers who unlocked their cellphone to connect to a wireless telecommunications network. *See* 37 C.F.R. § 201.40 (b) (8). The Superseding Indictment alleges that Defendants were engaged in unlocking mobile devices to resell for a profit. The Defendants thus were not consumers seeking to connect to a U.S. wireless carrier but were allegedly illicitly obtaining mobile devices and unlocking them for bulk resale in the U.A.E. and Hong Kong. *See* Doc. No. 37. Therefore, Paragraph Nine is not misleading or inaccurate and the Motion will be denied as to this paragraph.

D. <u>Paragraph Eleven</u>

The Defendants ask the Court to strike Paragraph Eleven of the Superseding Indictment which states: "[d]ue to the success of the GSMA device registry adopted by Verizon, AT&T, and T-Mobile, many stolen and fraudulently obtained cellular devices are transported from the United States to overseas destinations where these devices are not prevented from accessing cellular networks." *See* Doc. No.37 ¶ 11. The Defendants argue that the "contention or inference that the only reason for shipping iPhones to overseas markets is because they are stolen is misleading." *Id*. However, this paragraph does not suggest the *only reason* that iPhones are shipped overseas is because they are stolen. It simply states that the shipment of stolen cellphones overseas is a common occurrence. This is relevant to the matter before this Court and, again, any undue

prejudice will be remedied by the Court's standard limiting instruction. As a result, the Court will not strike this paragraph.

E. Paragraph Thirteen

The Defendants ask the Court to strike Paragraph Thirteen of the Superseding Indictment which defines the term vendor. It states that the term vendor, as used in the Superseding Indictment, "refers to a person who collected the stolen and fraudulently obtained new iPhones from boosters and sold the items to a purchaser in bulk." *See* Doc. No. 37 ¶ 13. The Defendants contend that this term is too broad to be used as a stand-in for "wrongdoer" and that it is likely to confuse and prejudice the jury. The United States responds that the Defendants used the term "vendor" in their records to describe persons from whom they allegedly purchased stolen and fraudulently obtained new iPhones.

Paragraph Thirteen makes clear that it is defining the term only for purposes of the Superseding Indictment. This definition will therefore help the jury better understand the factual allegations in the Superseding Indictment. Thus, the Court will not strike Paragraph Thirteen because it is relevant and not prejudicial to the Defendants.

### IV. CONCLUSION

For the reasons discussed above, the Defendants' Motion to strike as surplusage multiple

paragraphs from the Indictment, (Doc. No. 47), is **DENIED.**

**SO ORDERED**

Signed: February 14, 2023

Kenneth D. Bell
United States District Judge